UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARGARET AND EDWARD VARLEY, h/w** | Case Number |
| **Plaintiff** | |
| vs. | CIVIL COMPLAINT |
| **ATLANTIC ADVISORS, INC.** | |
| **Defendant** | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Margaret and Edward Varley, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiffs, Margaret and Edward Varley, h/w are adult natural persons and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiffs reside in this District and Defendant maintains an office in this District.

### III. PARTIES

4. Plaintiffs, Margaret and Edward Varley, h/w, are adult natural persons residing at 11 Carroll Avenue, Tuckerton, NJ 08087. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Atlantic Advisors, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 710 Mattison Ave, Asbury Park, NJ 07712.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around September 2010, the Plaintiff, Edward began receiving phone calls from Defendant regarding a utility bill due to New Jersey Natural Gas.

8. The Plaintiff, Edward was away on vacation when the first call by Defendant was made to his place of employment. The Plaintiff, Edward's boss answered the phone call and was told by Defendant that Defendant was calling in regard to a "personal matter."

9. The Plaintiff, Edward's boss gave Defendant the Plaintiff, Edward's home phone number and told Defendant not to call the Plaintiff, Edward's place of employment.

10. The Plaintiff, Edward was then reprimanded by his boss upon the Plaintiff, Edward's return.

11. Defendant then began contacting the Plaintiffs on their home phone number leaving messages for the Plaintiffs stating that the call was regarding a "personal matter."

12. During a conversation with Defendant, the Plaintiff, Margaret was asked to make monthly payments of $100.00 but the Plaintiff, Margaret told Defendant that the Plaintiffs could not afford that amount.

13. Defendant eventually agreed to allow the Plaintiffs to make monthly payments of $50.00.

14. In or around October 2010, the Plaintiffs made their first payment to Defendant in the amount of $50.00.

16. On or around November 1, 2010, the Plaintiffs received a letter in the mail from Defendant thanking the Plaintiffs for their recent payment and a bill for the next month. **See Exhibit "A" attached hereto.**

17. The Plaintiff, Margaret contacted Defendant upon receiving the bill and informed Defendant that the Plaintiffs will be unable to afford the next month's payment of $50.00 due to a loss of income.

18. The Plaintiff, Margaret told Defendant that the Plaintiffs will only be able to make a maximum payment of $25.00.

19. Defendant again contacted the Plaintiff, Edward's place of employment after specifically being told not to do so.

20. The Plaintiff, Margaret sent the bill back to Defendant and on the reverse side wrote that the Plaintiffs can only afford $25.00 a month, a request that Defendant stop contacting the Plaintiff, Edward's place of employment and to only call the home phone number in which the Plaintiff, Margaret provided. **See Exhibit "B" attached hereto.**

21. Defendant continues to contact the Plaintiffs at least twice a day.

22. On or around November 22, 2010, Defendant's agent, "Ms Williams" contacted the Plaintiffs' home in which the Plaintiffs' daughter answered.

23. The Plaintiffs' daughter told Defendant's agent that the Plaintiffs were unavailable at which point Defendant's agent proceeded in telling the Plaintiffs' daughter that Defendant was "calling in regard to an old bill due to New Jersey Natural Gas" and that the Plaintiff, Margaret needs to call Defendant back.

24. The Plaintiff, Margaret was embarrassed that Defendant told the Plaintiffs' daughter that the Plaintiffs owe money.

25. The Plaintiffs are upset by the fact that Defendant would divulge personal information to anyone who answered the Plaintiffs' phone.

26. Defendant continues to relentlessly contact the Plaintiffs, leaving messages on the Plaintiffs' answering machine requesting a payment.

27. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

Case 3:33-av-00001 Document 3154 Filed 12/06/10 Page 5 of 7 PageID: 30003

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

30. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

31. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

32. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

33. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(1): | Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting location information |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communications |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

    §§ 1692e:    Any other false, deceptive, or misleading representation or means in connection with the debt collection

    §§ 1692f:    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, Atlantic Advisors, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: December 6, 2010**    **BY: /s/ Bruce K. Warren**
Bruce K. Warren, Esquire

**BY: /s/ Brent F. Vullings**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800    Fax 215-745-7880
Attorneys' for Plaintiff